**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVINASH KASIREM,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00382-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Avinash Kasirem is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Plaintiff filed the instant complaint on March 19, 2014.

**I.**

**SCREENING REQUIREMENT**

. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

To state a claim, Plaintiff must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under Bivens. Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010). Plaintiff is required to set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff brings this complaint as a civil rights class action for declaratory relief and monetary damages for denying fair wages pursuant to Fair Labor Standards Act ("FLSA") and California Labor Code ("CLC"). Plaintiff is housed at the Taft Correctional Institution. Plaintiff is a deportable alien inmate subject to a detainer lodged against him by the Bureau of Immigrations and Custom Enforcement.

Plaintiff, as a sentenced deportable alien, is under the ultimate control of the Management and Training Corporation ("MTC"), and is an employee of MTC within the meaning of the FLSA.

MTC is a privately owned corporation chartered in the State of California with headquarters in Centerville, Utah.  Plaintiff names MTC, Michael L. Benov (Executive Administrator), Georgina Puentes (employee of MTC), and Does 1 through 50 as Defendants in this action.

In 2007, Defendants began employing sentenced deportable alien inmates by the MTC as kitchen workers to cook and serve meals to sentenced deportable alien inmates and inmates.  Inmates were also required to clean and maintain the buildings, including collecting trash, mowing the yard, and repairing certain items for the rate .12 cents per hour.  A contractual relationship existed between the sentenced deportable alien inmates and MTC and Plaintiff is entitled to hourly wages as those who work outside of the prison.

### III.
### DISCUSSION

#### A. Class Action Certification

Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is not an attorney and he is proceeding without counsel.  A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Therefore, Plaintiff's request for class action certification is denied.

#### B. Payment of Further Compensation for Employment Within Prison

Prisoners have no constitutional right to be paid for their services.  Serra v. Lappin, 600 F.3d 1191, 1196 (9th Cir. 2010) (citing Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985) (no deprivation of liberty interest when prisoner forced to work without pay, nor does requiring such work subject prisoner to involuntary servitude in violation of the Thirteenth Amendment)).

Contrary to Plaintiff's argument, prisoners generally are not protected by federal or state laws, since the economic realities of prison employment seldom make them "employees" entitled to such protections.  See Morgan v. MacDonald, 41 F.3d 1291, 1293 (9th Cir. 1994) (prisoner working under

3

state statute requiring 40 hours weekly work or training not "employee" under FLSA); see also Hale v. Arizona, 993 F.2d 1387, 1392-1398 (9th Cir. 1993) (en banc) (prisoners working under state program requiring hard labor not "employees"); Castle v. Euroflesh, Inc., 731 F.3d 901, 908 (9th Cir. 2013) (prisoner working for prison contractor not employee under ADA because his labor belongs to state). "Put simply, the [prison's] 'control' over [the inmate] does not stem from any remunerative relationship or bargained-for exchange of labor for consideration, but from incarceration itself.  The control that the [prison] exercises over a prisoner is nearly total, and control over is work is merely incidental to the general control.  Indeed, the Thirteenth Amendment's specific exclusion of prisoner labor supports the idea that a prisoner performing required for the prison is actually engaged in involuntary servitude, not employment…. [T]here is too much control to classify the relationship as one of employment."  Vanskike v. Peters, 974 F.2d 806, 809-810 (7th Cir. 1992) (footnote omitted). Indeed in the words of one Judge: "I reject as almost whimsical the notion that Congress could have intended such a radical result as bringing prisoners within the FLSAw without expressly so stating." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1328 (9th Cir. 1991).  Because Plaintiff fails to state a cognizable claim and because his claim is not curable by amendment, the Court will recommend dismissal of the complaint, with prejudice, for failure to state a cognizable claim for relief under Bivens.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## IV.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that the instant complaint be dismissed, with prejudice, for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 9, 2014**

UNITED STATES MAGISTRATE JUDGE